**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| UNILOC LUXEMBOURG S.A and UNILOC USA, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>COREL INC.,<br><br>Defendant. | ) | Civil Action No. 6:12-cv-00968<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT COREL INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Corel Inc. ("Corel"), by and through its attorneys, as and for its Answer, Affirmative Defenses, and Counterclaims to the Complaint of Plaintiffs Uniloc Luxembourg S.A. and Uniloc USA, Inc. (together, "Uniloc"), hereby alleges as follows:

## THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 and therefore denies them.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 and therefore denies them.

3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 and therefore denies them.

4. Admits that Corel is a corporation existing and organized under the laws of the State of Delaware with a place of business located at 385 Ravendale Drive, Mountain View, California 94043. Corel further admits that its registered agent is CT Corporation System with a

business address at 350 N. Saint Paul Street, Suite 2900, Dallas, Texas 75201, but denies any remaining allegations and/or legal conclusions contained in Paragraph 4.

## JURISDICTION AND VENUE

5. Admits that the Complaint purports to be an action alleging patent infringement under the patent laws of the United States of America, but denies any remaining allegations and/or legal conclusions contained in Paragraph 5.

6. Denies the allegations and/or legal conclusions contained in Paragraph 6.

7. Denies the allegations and/or legal conclusions contained in Paragraph 7.

## COUNT I
## (Infringement of U.S. Patent No. 7,024,696)

8. Corel incorporates by reference and realleges its responses, set forth above, to each and every allegation of the Complaint as though fully set forth herein.

9. Admits that a copy of United States Patent No. 7,024,696 (the "'696 Patent") is attached to the Complaint as Exhibit A. Corel further admits that the '696 Patent states on its face that it is entitled "Method and System for Prevention of Piracy of a Given Software Application via a Communications Network." Corel lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and/or legal conclusions contained in Paragraph 9, and therefore denies them.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and/or legal conclusions contained in Paragraph 10 and therefore denies them.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and/or legal conclusions contained in Paragraph 11 and therefore denies them.

12. Denies the allegations and/or legal conclusions contained in Paragraph 12.

13. Denies the allegations and/or legal conclusions contained in Paragraph 13.

**PRAYER FOR RELIEF**

14. Denies that Uniloc is entitled to any relief whatsoever against Corel in this action, either as prayed for in the Complaint or otherwise.

**AFFIRMATIVE DEFENSES**

Further answering, Corel affirmatively alleges as follows. Corel reserves the right to add additional defenses as discovery progresses and further information is obtained.

**FIRST DEFENSE**

15. Uniloc's Complaint fails to state a claim against Corel upon which relief may be granted.

**SECOND DEFENSE**

16. Corel has not infringed and does not infringe, actively induce the infringement of, or contributorily infringe any valid and enforceable claim of the '696 Patent.

**THIRD DEFENSE**

17. Upon information and belief, some or all of the claims of the '696 Patent are invalid and unenforceable for failure to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq*., including, but not limited to, §§ 101, 102, 103, and/or 112.

**FOURTH DEFENSE**

18. The claims of the Complaint against Corel are barred under the doctrines of unclean hands, waiver, estoppel, laches, acquiescence, patent misuse, and/or any other equitable remedy.

**FIFTH DEFENSE**

19. Uniloc is barred from recovering costs in connection with this action pursuant to 35 U.S.C. § 288.

**SIXTH DEFENSE**

20. Upon information and belief, Uniloc is barred, under the doctrine of Prosecution History Estoppel, from construing the claims of the ’696 Patent in such a way as may cover any of Corel’s products or processes by reasons of amendments and/or statements made to the United States Patent and Trademark Office during the prosecution of the application that led to the issuance of the patent.

**SEVENTH DEFENSE**

21. To the extent that Uniloc, prior owners of the ’696 Patent, and their licensees have not complied with the marking requirements of 35 U.S.C. § 287(a), Uniloc is precluded from recovering damages for alleged infringement, if any, until the date on which Uniloc actually notified Corel of the alleged infringement.

**EIGHTH DEFENSE**

22. Corel reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case. Such defenses may include the defense of inequitable conduct, which would render the Patent-in-Suit unenforceable.

**NINTH DEFENSE**

23. Uniloc’s claims for damages, if any, are barred, in whole or in part, by the statute of limitations set forth in 35 U.S.C. § 286.

**COUNTERCLAIMS**

Corel Inc. ("Corel") hereby alleges the following Counterclaims against Uniloc Luxembourg S.A. ("Uniloc Luxembourg") and Uniloc USA, Inc. ("Uniloc USA") (together, "Uniloc"):

**THE PARTIES**

1. Corel is a corporation organized and existing under the laws of the State of Delaware, with a place of business located at 385 Ravendale Drive, Mountain View, California.

2. Uniloc alleges in the Complaint that Uniloc Luxembourg is a corporation organized and existing under the laws of Luxembourg with its principal place of business at 15, rue Edward Steichen, L-2540, Luxembourg.

3. Uniloc alleges in the Complaint that Uniloc USA is a Texas corporation with its headquarters and principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano, Texas 75024. Uniloc further alleges in the Complaint that Uniloc USA maintains a place of business at 102 N. College, Suite 806, Tyler, Texas 75702.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction arising under United States statutes relating to patents and declaratory judgments, including 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

5. This Court has personal jurisdiction over Uniloc Luxembourg and Uniloc USA by virtue of their appearance as plaintiffs in this action.

6. Venue is proper in this District under 28 U.S.C. § 1391.

**FIRST COUNTERCLAIM**

7. Corel repeats and realleges Paragraphs 1 through 6 as if fully set forth herein.

8. This is a Counterclaim for declaratory judgment that the claims of United States Patent No. 7,024,696 (the "'696 Patent") are not infringed by Corel.

9. Uniloc alleges in the Complaint that Uniloc Luxembourg is the owner, by direct assignment from the inventor, of the '696 Patent.

10. Uniloc alleges in the Complaint that Uniloc USA is the exclusive licensee of the '696 Patent with ownership of all substantial rights in the '696 Patent, including the right to grant sublicenses, exclude others and to enforce, sue and recover damages for past and future infringements.

11. Uniloc alleges in the Complaint that Corel is directly infringing one or more claims of the '696 Patent.

12. Corel denies in its Answer that it has infringed or infringes, actively induces the infringement of, or contributorily infringes any valid and enforceable claim of the '696 Patent.

13. Furthermore, Corel has not knowingly or intentionally induced others, and does not knowingly or intentionally induce others, to infringe any valid and enforceable claim of the '696 Patent. Moreover, Corel has no knowledge of direct infringement of the '696 Patent by any third-party, and has no specific intent to cause any third-party to directly infringe the '696 Patent. There can be no liability for induced infringement without an underlying act of direct infringement.

14. An actual and justiciable controversy exists between Uniloc and Corel with respect to the '696 Patent.

15. Accordingly, Corel seeks declaratory judgment that Corel does not infringe and has not infringed, either directly, indirectly, or by inducement, any claim of the '696 Patent.

16. Corel is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM

17. Corel repeats and realleges Paragraphs 1 through 16 as if fully set forth herein.

18. This is a Counterclaim for declaratory judgment that the claims of the ’696 Patent are invalid and/or unenforceable.

19. In the Complaint, Uniloc has asserted the ’696 Patent against Corel.

20. Corel denies in its Answer that the ’696 Patent is valid or enforceable.

21. Corel does not infringe and has not infringed any valid or enforceable claim of the ’696 Patent.

22. An actual and justiciable controversy exists between Uniloc and Corel with respect to the validity and enforceability of the ’696 Patent.

23. Accordingly, Corel seeks declaratory judgment that the ’696 Patent is invalid and/or unenforceable for failure to comply with one or more of the requirements of the Patent Laws, 35 U.S.C. § 1 *et seq*., including, but not limited to, §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Corel prays that judgment be entered against Uniloc as follows:

a. Dismissing Uniloc’s Complaint in its entirety with prejudice;

b. Declaring that Corel does not and has not infringed any claim of the ’696 Patent;

c. Declaring that the claims of the ’696 Patent are invalid and/or unenforceable;

d. Declaring that this case is exceptional and that Corel is entitled to its reasonable attorneys’ fees, expert fees, and costs incurred in connection with this action; and

e. Granting to Corel such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Corel demands a trial by jury on any and all issues for which it is entitled to a trial by jury.

Dated: February 25, 2013

/s/ Douglas J. Nash (w/permission)
Douglas J. Nash (*pro hac vice*)
Lead Attorney
NY State Bar No. 4083457
dnash@hblaw.com
Kathryn D. Cornish (*pro hac vice*)
NY State Bar No. 4459913
kcornish@hblaw.com
Hiscock & Barclay, LLP
One Park Place
300 South State Street
Syracuse, New York 13202
Tel: (315) 425-2828
Fax: (315) 703-7364

-and-

Ralph H. Duggins
Texas State Bar No. 06183700
rduggins@canteyhanger.com
Scott A. Fredricks
Texas State Bar No. 24012657
sfredricks@canteyhanger.com
Philip A. Vickers
Texas Bar No. 24051699
pvickers@canteyhanger.com
Cantey Hanger LLP
600 W. 6th Street, Suite 300
Fort Worth, Texas 76102
Tel: (817) 877-2800
Fax: (817) 877-2807

*Counsel for Corel Inc.*

**Certificate of Service**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system pursuant to the Court's Local Rule 5(a)(3) on February 25, 2013.

/s/ Douglas J. Nash (w/permission)
Douglas J. Nash